LEVY *v.* J. A. OLSEN COMPANY, INC.

No. 41248          October 26, 1959          115 So. 2d 296

*Carter & Van Every,* Columbus, for appellant.

*Robertson Horton,* Winona, for appellee.

McGEHEE, C. J.

A reversal of this case is sought on the ground that the damages in the sum of $1 awarded by the jury to the defendant because of the wrongful suing out of the attachment at law herein is wholly inadequate, and does not respond to the undisputed proof in the case as to the amount of damages sustained.

The appellee relies on Section 2717, Miss. Code of 1942, which provides, among other things that "On the trial of the issue, the defendant may introduce evidence as to the actual damages, if any, which the issuance of the attachment has occasioned him; * * * If the issue be decided for the defendant, he shall have judgment that the attachment be discharged and against plaintiff and the sureties on his attachment bond, for the damages assessed by the jury and the costs of suit; and the jury may add to the actual damages found a reasonable sum as an attorney's fee for defending the issue; * * *" The statute further provides that the defendant shall give written notice of what damages he will insist upon at the trial. This was done in the instant case.

██ ██ The appellee relies upon the foregoing statute and contends that the defendant is entitled to only such damages as is "assessed by the jury." However we do not think that this provision of the statute was intended to relieve a jury of its responsibility to render a verdict, where it has found that the attachment was wrongfully sued out, that does not respond to the evidence introduced upon the trial.

██ ██ It is undisputed in the record that it was necessary for the defendant to employ attorneys to defend the attachment suit and at the cost of $150. It is also undisputed that it was necessary for the defendant to lose time in his attendance upon the trial of the case. The defendant gave an "estimate" of what he conceives to be damages that he had sustained by reason of having to rent another automobile and trailer while his own automobile and trailer were being held under the attachment. But the case was continued at one or more terms of the court, and it was the duty of the defendant to reduce his damage by making a bond and retaining possession of this equipment, as he had the right to do, if he could by putting forth a reasonable effort to that end.

██ ██ In 5 Am. Jur., Section 1005, p. 204, it is said that the recovery of damages in attachment is generally limited to actual damages sustained, compensatory in nature, naturally and proximately resulting from the wrongful attachment. Section 1008 of the same text, p. 207, states: "The general rule is that the owner of the attached * * * property must take certain reasonable steps to reduce the damages arising from wrongful attachment." And Section 1010 of this text, p. 208, states: "The general rule is that loss of the use of, or the injury to or destruction of, property is an element of recovery in an action for wrongful or malicious attachment. * * *"

Section 1014 of this text, p. 212, states that "The weight of opinion is that the cost of defending a wrong-

ful or malicious attachment * * * as distinguished from the action on its merits, including reasonable attorneys' fees, constitute a proper element of damages in an action based upon the wrongful attachment." See also Annotation in 125 A. L. R. 1219, and the Annotation in 45 A. L. R. 2d 1221.

■ ■ From the foregoing views it follows that we are of the opinion that the case should be reversed for another trial on the question of damages only since we are of the opinion that the verdict of $1 is grossly inadequate to compensate the defendant for the damages which he sustained according to the undisputed evidence.

Reversed and remanded.

Kyle, Arrington, Ethridge and Gillespie, JJ., concur.